UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-62151-CIV-ZLOCH

SAMMIE DAVIS

v.

HAUCK ENTERPRISES, LTD.
_____/

**DEFENDANT'S UNOPPOSED MOTION
TO APPROVE FLSA SETTLEMENT**

Defendant, Hauck Enterprises, Ltd., through undersigned counsel, hereby moves this Honorable Court to approve the settlement in this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.:

***This motion is unopposed. Plaintiff agrees to the relief requested herein: Court approval of the settlement.***

This action was filed on September 11, 2016. On October 11, 2016, Plaintiff filed a Statement of Claim [DE 12] alleging that he had worked extensive overtime hours without any overtime compensation. He estimated his damages to be $7,540.00, plus another $7,540.00 in liquidated damages, as well as attorney's fees and costs.

From the beginning, defense counsel explained that Plaintiff was completely mistaken: that Hauck Enterprises, Ltd. ("Hauck") had paid him time-and-a-half on the rare occasions that he worked over forty hours in a workweek; that Plaintiff did not understand when the statutory workweek was; and that Hauck had thorough payroll and related records that showed he had been paid properly.

Hauck refused to settle for approximately half a year, and then agreed to pay a "nuisance value" settlement of $5,000.00 after considerable negotiations. Of that

1

$5,000.00, $2,500.00 will go to Mr. Davis ($1,250.00 as alleged wages, and $1,250.00 as alleged liquidated damages); $2,045.00 will go to his counsel as attorney's fees, and $455.00 will go towards Plaintiff's expenses for filing suit and service of process.

In order to accomplish this settlement, Plaintiff's counsel agreed to reduce its attorneys' fees from $5,635.00 to $2,045.00, and has agreed to forgo attorneys fees incurred from March 20, 2017 forward, through dismissal with prejudice.

A copy of the Mutual General Release and Settlement Agreement is attached hereto as **Exhibit "A."** The parties also have contemporaneously filed a Joint Stipulation of Dismissal with Prejudice under Rule 41(a).

The settlement is fair and reasonable under Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The legal fee is approximately forty percent (40%) of the settlement amount. More importantly, the legal fee collected is less than one-third (< 1/3) of the legal fee actually incurred—a reflection of the steep challenges that Mr. Davis faced if he proceeded further with the litigation. Plaintiff faced multiple strong affirmative defenses and a Defendant with wage-and-hour records and defense witnesses who were poised to explain at trial that absolutely no unpaid wages were owed.

In summary, this settlement reflects the highly contested nature of this litigation, and the reasonableness of the defendant and Plaintiff's counsel in resolving it. While Plaintiff does not necessarily agree with every single statement made in this motion, Plaintiff agrees that the settlement is fair and reasonable, and agrees with the relief requested.

WHEREFORE, Defendant prays that this Honorable Court approve the settlement and enter an Order of Dismissal with Prejudice.

Respectfully submitted:

s/ Steven F. Grover
-------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
One East Broward Blvd., Ste. 700
Fort Lauderdale, FL 33301
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above on all counsel of record by CM/ECF this March. 21, 2017, specifically those listed below on this 20th day of March, 2017:

Darren R. Newhart
Darren@cloorg.com
J. Dennis Card
Dennis@cloorg.com
Consumer Law Organization, PA
721 U.S. Highway 1, Suite 201
North Palm Beach, FL 33408
Tel. (561) 822-3446
Fax (305) 574-0132

s/ Steven F. Grover
--------------------------------------
s/ Steven F. Grover

3