## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

1. This Agreement covers all understandings between **SAMMIE L. DAVIS** (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, agents, attorneys, personal representatives, and heirs) and **HAUCK ENTERPRISES, LTD.** *(hereinafter referred to as "Defendant," a term which includes each and every officer, director, employee, agent, parent corporation, subsidiary, affiliate, division, successor, assign, beneficiary, servant, legal representative, and insurer of HAUCK ENTERPRISES, LTD.).*

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A. To fully and finally settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant, and release and forever discharge Defendant of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity, by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, any and all claims or actions arising from Plaintiff's employment with Defendant, or related in any way, no matter how slight, to the transactions or matters which are the subject matter of the lawsuit **Case No. 16-62151-CIV-ZLOCH**, pending in the United States District Court for the Southern District of Florida, including without limitation any and all claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Florida minimum wage law, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, the Florida Civil Rights Act, any and all claims for unemployment compensation benefits, and any and all claims arising from work-place injuries, including but not limited to, any and all claims for worker's compensation benefits. This is not a complete list, and Plaintiff waives and releases all similar rights and claims, including all claims for job loss, demotion, and/or termination, discrimination, and/or wages, under all other federal, state and local discrimination provisions, and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendant, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of time to the effective date of this Agreement.

B. To facilitate the dismissal of **Case No. 16-62151-CIV-ZLOCH** by filing this Agreement for review and approval by the Court pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

C. Plaintiff affirms that he has not filed and is not a party to any claim against Defendant in any forum other than **Case No. 16-62151-CIV-ZLOCH**.

D. Plaintiff agrees that this settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

E. Plaintiff waives any right to future employment with Defendant and agrees that he shall not apply for employment with Defendant in the future.

F. Plaintiff acknowledges that he has no unknown or unreported workplace injuries from his employment with Defendant.

G. Aside from filing this Agreement for review and approval in **Case No. 16-62151-CIV-ZLOCH**, Plaintiff shall not disclose any of the terms of this settlement to any third parties, unless if compelled by force of law. In the event that Plaintiff is compelled by force of law to disclose any of the terms or contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendant telephonically and confirmed immediately thereafter in writing so that Defendant will have the opportunity to assert what rights Defendant may have in non-disclosure prior to any response to the order or subpoena. Except under the above-described narrow circumstances, Plaintiff and his successors, assigns, beneficiaries, agents, attorneys, personal representatives, and heirs) shall not disclose the terms or fact of this settlement to any third parties, and shall not communicate the terms or fact of the settlement by Internet, social media, or otherwise. Plaintiff agrees that this confidentiality provision is a material part of this settlement.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees as follows:

A. Defendant shall promptly send three checks to Plaintiff's Counsel, in resolution of all of the claims that Plaintiff has ever had, or ever could have had, against Defendant: (1) a check in the amount of **$2,500.00, without any withholdings,** made payable to **Consumer Law Organization, P.A.**, for Plaintiff's attorneys' fees and costs; (2) a check in the amount of **$1,250.00, without any withholdings,** made payable to **Sammie L. Davis**, for his alleged liquidated damages for alleged unpaid wages under the FLSA; and (3) a check made payable to **Sammie L.**

**Davis** in the amount of **$1,250.00, less withholdings of 25% of that amount for federal income taxes and 7.65% of that amount for FICA**, for his alleged unpaid wages under the FLSA. Plaintiff's counsel shall not distribute any of these funds unless and until the Court approves this settlement and dismisses the overtime pay lawsuit with prejudice.

Plaintiff's counsel is recovering $2,045.00 in legal fees and $455.00 in costs. Plaintiff counsel's actual fees and costs exceed $5,635.00, but Plaintiff's counsel is not holding Plaintiff responsible for the excess.

**B.    A joint stipulation of dismissal with prejudice of the lawsuit will be filed.**

C.    As additional consideration, Defendant releases Plaintiff from all claims, charges, actions and causes of action of any kind or nature that Defendant once had or now has, arising out of Plaintiff's employment.

4.    Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Indeed, Plaintiff's counsel and Defendant's counsel, and Plaintiff and Defendant, agree and acknowledge that they have completely reviewed this Agreement with their respective clients and attorneys. They also agree that there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

5.    This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

6.    This Agreement supersedes any and all prior agreements between the parties. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendant.

7.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

8.    The law governing this Agreement shall be that of the United States and the State of Florida.

9. In the event of any breach of this Agreement, the prevailing party—Mr. Davis or Defendant—shall be entitled to reasonable attorneys fees and costs.

WE HAVE READ THIS ENTIRE AGREEMENT AND COMPETELY AGREE TO IT.

DATE: 3/21/2017

Signature: _____
SAMMIE L. DAVIS

DATE: _____

Signature: _____
On behalf of HAUCK ENTERPRISES, LTD.

DATE: _____

Signature: _____
Steven. F. Grover, Esq., as a witness

DATE: 3/21/17

Signature: _____
Dennis Card, Esq., as a witness